review the sentence if he believed grounds existed for such re-evaluation. He also noted defendant's "instability" and in pronouncing sentence expressly took it into account in determining the spread between the minimum and maximum sentence imposed, thereby allowing the prison authorities great latitude in determining the length of defendant's stay in prison based upon their observation of him. We, therefore, find that the timing of the judge's imposition of sentence was not improper.

■■ Defendant also contends that the sentence was excessive when considered in light of the provocation, defendant's lack of a criminal record and his work record. This sentence was however within the limits prescribed by the legislature and not at variance with the purpose and spirit of the law or in excess of the proscriptions found in the Illinois Constitution and therefore it will not be reduced. *People v. Taylor* (1965), 33 Ill.2d 417, 424 and *People v. Miller* (1965), 33 Ill.2d 439, 444—445.

The judgment is affirmed.

Judgment affirmed.

ENGLISH and DRUCKER, JJ., concur.

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ELMORE McLEMORE, Defendant-Appellant.

(No. 54993;

First District—January 10, 1972.

Opinion by Mr. JUSTICE BURKE.

Arthur J. O'Donnell, of Chicago, for appellant.

Edward V. Hanrahan, State's Attorney, (Robert A. Novelle and Terry M. Gordon, Assistant State's Attorneys, of counsel,) for the People.